OPINION OF THE COURT
Richard G. Ramsay, J.
This is a small claims action which was commenced on November 30, 2004. A trial of this matter was held on January 11, 2005. Mr. Little was pro se and DaimlerChrysler was represented by Dan DeRechin (customer relations manager).
Plaintiff is suing for $1,893.44. His cause of action is “forced abandonment of ‘Leer’ brand pick-up truck cap (painted truck body color), ‘Dodge’ splash guards, ‘Dodge’ bedliner kit, ‘Westin’ step bars, and Westchester County MicrobiologyWirology *851 report relating to our truck.” Plaintiff purchased a new 2002 Dodge Dakota 4x4 pickup on or about November 4, 2002. Without the court getting into the details, this truck was the subject of a Lemon Law arbitration hearing held on October 13, 2004. The decision of the arbitrator was that DaimlerChrysler was to refund the consumer $19,487.34. The arbitrator notes that the consumer claimed $128 for compensation of cost of laboratory testing of the interior of the vehicle which was the cause of the problem with the vehicle and an additional $1,750 of addons purchased for the vehicle. These items were not awarded by the arbitrator.
The plaintiff comes before this court claiming the add-ons and lab tests aforementioned were not decided on by the arbitrator because they are not covered by the Lemon Law. Plaintiff has supplied the court with various documents indicating his right to sue for the incidental damages not covered by the Lemon Law. The Lemon Law is a relatively new remedy available to the consumers. The arbitrator, in applying the Lemon Law, is limited to one of two remedies, refund or replacement.
The defendant indicates, as his defense, that the plaintiff has had his election of remedies, has been successful in that election, and is therefore barred from further claims against the defendant. Defendant did not question or refute the amount claimed.
It should be noted that the Lemon Law specifically provides that such statute is not an exclusive remedy and that the courts are available to a plaintiff.
It is obvious, from reviewing the decision of the arbitrator, that DaimlerChrysler violated its warranty of usability or fitness for use against Mr. and Mrs. Little. The Court of Appeals has held that a buyer was entitled to damages that would put him in the same position he would have occupied if the contract had not been breached. (Menzel v List, 24 NY2d 91 [1969].) In the case of Williams v Planet Motor Car (190 Misc 2d 22 [2001]), the Civil Court of the City of New York granted the plaintiff additional damages beyond the amount awarded by the “Lemon Law arbitrator” to compensate the plaintiff for additional repairs made to the vehicle which was taken back under the Lemon Law.
This court holds that, in order to make the plaintiff whole, he must be refunded the additional add-ons which could reasonably be contemplated by the defendant in the ordinary use of this type of vehicle. This court grants the plaintiff a judgment *852 in the amount $1,893.44. The calculation of this figure enumerated below:
[[Image here]]